**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0478-17T4

BHUPEN PATEL and
SHAILI MANAGEMENT CO.,

     Plaintiffs-Appellants,

v.

SHALIN FOOD, INC.,

     Defendant-Respondent.

_____

     Submitted December 19, 2018 – Decided January 16, 2019

     Before Judges Nugent and Reisner.

     On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1309-16.

     Howard R. Rabin, attorney for appellants.

     Gordon & Rees, LLP, attorneys for respondent (Mark A. Trokan, on the brief).

PER CURIAM

     In this commercial landlord-tenant dispute, plaintiffs Bhupen Patel and

Shaili Management Co. (Shaili) appeal from an August 18, 2017 order granting

summary judgment to defendant Shalin Food, Inc.  Our review of the trial court order is de novo, using the Brill standard.  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540-41 (1995).  After considering the record in light of that standard, we conclude that the case was ripe for summary judgment, and defendant was entitled to judgment as a matter of law.  We affirm for the reasons cogently stated by Judge Joseph P. Quinn in his comprehensive written opinion issued with the order.  We add the following brief comments.

Pursuant to a lease that Patel drafted, defendant tenant operated "a back office operations kitchen for several Dunkin Donuts stores."  Pursuant to the lease, the tenancy commenced on "the first day of operation" following the completion of construction work on the premises.  By law, the kitchen could not begin operating until a certificate of occupancy (CO) was issued.  See N.J.S.A. 52:27D-133.  The CO was issued on October 4, 2000, an undisputed material fact that no amount of discovery could change.  The lease by its terms ran for five years, with three five-year renewal periods.  Defendant gave plaintiffs written notice of non-renewal on September 16, 2015.  The non-renewal notice was timely, because the third renewal period began October 4, 2015.

A-0478-17T4

Nonetheless, plaintiffs wrongfully failed to return defendant's $9000 security deposit.

On those undisputed facts, Judge Quinn correctly dismissed plaintiffs' claim for unpaid rent and awarded defendant $9000 for the security deposit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0478-17T4